IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IN RE:

Douglas E. Turner, CASE# 12-31211-KKS

Alleged Debtor.

_____________________________/

## NOTICE OF SUPPLEMENTAL FILING OF EXHIBIT

**COMES NOW**, the Alleged Debtor, Douglas E. Turner ("Turner"), by and through the undersigned counsel and files this Notice of Supplemental Filing of Exhibit and States:

1. The alleged debtor's Request for Judicial Notice (Doc. 49) made reference to Exhibit "A," described as an Amended Plan of Reorganization in Bankruptcy Case Number 11-40517-LMK filed November 7, 2011.

2. This document was mistakenly omitted from the other exhibits electronically filed as attachments to the Request for Judicial Notice.

3. At a May 28, 2013 hearing on the alleged debtor's motion to dismiss, this Court took judicial notice of all documents listed in each party's request for judicial notice, and requested that the alleged debtor file the omitted exhibit.

4. Attached with this motion is the above-referenced Amended Plan of Reorganization identified as Exhibit "A" in the Request for Judicial Notice (Doc. 49) and the Exhibit List (Doc. 47).

**DATED** this 31st day of May, 2013.

/s/ Ronald A. Mowrey
RONALD A. MOWREY
MOWREY LAW FIRM, P.A.
FL BAR #0122006
515 North Adams Street
Tallahassee, Florida 32301
(850)222-9482 - Telephone
(850)561-6867 - Facsimile

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was electronically file with the U.S. Bankruptcy Court and served to all parties on this Court's mailing matrix this 31st day of May, 2013.

/s/ Ronald A. Mowrey
Ronald A. Mowrey

J:\OPEN\Turner, Doug - Invol. Ch 7 BR\Pleadings\Notice of Supplemental Filing of Exhibit.wpd

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TURNER HERITAGE HOMES, INC.,

Debtor.                              Case No. 11-40517-LMK

                                     Chapter 11 Case

_____/

AMENDED PLAN OF REORGANIZATION

November 2, 2011

> BERGER SINGERMAN
> Attorneys for Debtor
> Brian G. Rich
> Michael H. Moody
> 125 South Gadsden Street, Suite 300
> Tallahassee, FL 32301
> Telephone: (850) 561-3010
> Facsimile: (850) 561-3013
> Email: *brich@bergersingerman.com*



EXHIBIT A

4000420-1

Phoenix Realty Partners, Inc. (the "Proponent"), pursuant to 11 U.S.C. §1121, proposes the following Plan of Reorganization on behalf of TURNER HERITAGE HOMES, INC., the Debtor in these proceedings (the "Debtor"):

ARTICLE 1    Definitions

As used in this Plan, the following terms shall have the respective meanings set forth below, and such meanings shall be equally applicable to the singular and plural forms of the terms defined unless the context requires otherwise.

1.01    Actions

All actions that a trustee or debtor-in-possession is empowered to bring pursuant to 11 U.S.C. Sections 542-553 of the Code (as hereinafter defined), and any other cause of action, lawsuit, adversary proceeding, contested matter, claim objection, or right of the Debtor or the Estate against any Person.

1.02    Administrative Claim

A Claim for payment of an administrative expense under Section 503 of the Code that is entitled to priority under Section 507(a)(1) of the Code and any fees or charges assessed against the Estate pursuant to 28 U.S.C. 1930.

1.03    Administrative Claimant

The holder of an Administrative Claim.

1.04    Allowed Amount

With respect to a Claim, (a) the amount of a Claim that was listed in the Debtor's Schedules (as originally filed in the Case) as not disputed, contingent or unliquidated, if the holder of such Claim has not filed a proof of claim with the Court within the applicable period of limitation fixed by the Court pursuant to Rule 3003(c)(3) of the Rules, or (b) if a holder of a Claim has filed a proof of claim with the Court within the applicable period of limitation fixed by the Court pursuant to Rule 3003(c)(3) of the Rules: (i) the amount stated in such proof of claim or in the Schedules if no objection to such proof of claim or amount listed in the Schedules has been interposed within the applicable period of limitation fixed by the Code or Rules, or as otherwise fixed by the Court, or (ii) such amount as shall be fixed by an order of the Court which has become a Final Order, if an objection has been interposed within the applicable period of limitation fixed by the Code, the Rules, or the Court, or (c) with respect to a Fee Request, such amount as shall be fixed by an order of the Court which has become a Final Order. In no event shall the Allowed Amount of any Priority Claim or Unsecured Claim include interest accrued on such Claim after the Filing Date.

1.05    Allowed Claim

Any Claim which is not a Disputed Claim for which an Allowed Amount has been finally determined in such or any portion thereof, Allowed Amount. Any such claim shall be an Allowed Claim as to the undisputed portion or amount. The Allowed Amount of each Secured Claim shall not include, pursuant to Section 506(b) of the Code, interest on such Claim, and any reasonable fees, costs, or charges provided for under the agreement(s) under which such Claim arose incurred as a result of any breach or default, act or omission occurring through the Effective Date or by reason of the Plan, Confirmation or Substantial Consummation.

1.06    Allowed Interest

Any Interest which has not been timely disputed, or if timely disputed, which has been allowed by order of the Court which has become a Final Order.

1.07    Article

One of the numbered Articles of the Plan.

1.08    Assets

All of the right, title and interest of the Debtor in and to property of any type or nature.

1.09    Assumed Contract

An Executory Contract (as modified or amended pursuant to the Plan, prior order of the Court or by agreement of the parties) that is assumed by the Debtor pursuant to the Plan or by order of the Court.

1.10    Blackberry Ridge Property

Lots L-16-18 located at 214, 205 and 195 Blackberry Lane, Grady County, GA;.

1.11    Bull Run Asset

The Bull Run Asset is a 14.25% membership interest in Bull Run Residential, LLC.

1.12    Business Day

A day other than a Saturday, a Sunday or a day on which commercial banks in Tallahassee, Florida are authorized or required to close.

1.13　Capital Circle Commerce Center Property

Lots 1, 2, 5, 6 and 8 of Capital Circle Commerce Center; located at 50X Capital Circle S.E., Tallahassee, FL 32301, in Leon County.

1.14　Case

This Chapter 11 Case No. 11-40517-LMK pending in the United States Bankruptcy Court for the Northern District of Florida.

1.15　Claim

(a) A right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed or contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured; (c) without limiting the generality of the foregoing, all Administrative Claims, Priority Claims, Secured Claims and Unsecured Claims.

1.16　Class

A group of Claims or Interests classified together pursuant to Article 2 of the Plan.

1.17　Class 1

The Secured Claim of Capital City Bank related to the Capital Circle Commerce Center Property, as described, classified and treated in Section 2.01 of the Plan.

1.18　Class 2

The Secured Claim of Capital City Bank related to the Summerchase Leased Units, as described, classified and treated in Section 2.02 of the Plan.

1.19　Class 3

The Secured Claim of Capital City Bank related to the Summerchase Lots, as described, classified and treated in Section 2.03 of the Plan.

1.20　Class 4

The Secured Claim of Farmers & Merchants Bank, as described, classified and treated in Section 2.04 of the Plan.

1.21    Class 5

The Secured Claim of Ameris Bank, as described, classified and treated in Section 2.05 of the Plan.

1.22    Class 6

The Secured Claim of Branch Banking & Trust ("BB&T"), as described, classified and treated in Section 2.06 of the Plan.

1.23    Class 7

The Secured Claim of BB&T, as described, classified and treated in Section 2.07 of the Plan.

1.24    Class 8

The Secured Claim of BB&T, as described, classified and treated in Section 2.08 of the Plan.

1.25    Class 9

The Secured Claim of Capital City Bank, as described, classified and treated in Section 2.09 of the Plan.

1.26    Class 10

The Allowed unsecured deficiency claims of Non-participating Secured Creditors and the unsecured claims of Judgment and Non-scheduled Creditors (or any successor of such claims), as described, classified and treated in Section 2.10 of the Plan.

1.27    Class 11

The Allowed unsecured deficiency claims of Participating Secured Creditors (or any successor of such claims), as described, classified and treated in Section 2.11 of the Plan.

1.28    Class 12

The Allowed Friends & Family claims, as described, classified and treated in Section 2.12 of the Plan.

1.29    Class 13

Allowed general unsecured claims in respect of trades or professionals (or any successor of such claims) as described, classified and listed in Section 2.13 of the Plan.

4

4000420-1

    1.30    <u>Class 14</u>

<u>Allowed interests of Equity Holders of the Debtor as described, classified and treated in Section 2.14 of the Plan.</u>

    1.31    <u>Code</u>
The Bankruptcy Code, 11 U.S.C. Section 101 et. seq.

    1.32    <u>Confirmation</u>

The entry by the Court of the Confirmation Order.

    1.33    <u>Confirmation Date</u>

The date on which the Clerk of the Court enters the Confirmation Order on the docket.

    1.34    <u>Confirmation Hearing</u>

A hearing held by the Court on confirmation of the Plan pursuant to Section 1128 of the Code.

    1.35    <u>Confirmation Order</u>

The order entered by the Court confirming the Plan, which shall contain such provisions as the Proponent desires and shall otherwise be in form and substance satisfactory to the Proponent.

    1.36    <u>Court</u>

The United States Bankruptcy Court, Northern District of Florida, including any Bankruptcy Judge thereof and any court having competent jurisdiction to hear appeals from the Bankruptcy Judges thereof.

    1.37    <u>Creditor</u>

Any Person holding a Claim or Interest, including Administrative Claimants and Claims of the kind specified in Sections 502(b), 502(h) and 502(i) of the Code, and such Person's heirs, successors, assigns, executors and personal representatives.

    1.38    <u>Debtor or Debtor in Possession</u>

TURNER HERITAGE HOMES, INC. Any reference in the Plan to the "Debtor" shall also include the Debtor in its capacity as debtor in possession in the Case, and vice versa.

    1.39    <u>Disclosure Statement</u>

The Disclosure Statement filed by the Proponent in connection with the Plan and approved by the Court for submission to Creditors as the same may be amended.

1.40    Disputed Amount

With respect to a particular Disputed Claim, that amount which is equal to the difference, if any, between the Face Amount of such Claim and the amount, if any, of such Claim which the party objecting thereto concedes.

1.41    Disputed Claim

Any Claim for which an Allowed Amount has not yet been determined and with respect to which an objection has been interposed on or prior to the Confirmation Date or such other date as may be fixed by the Court.

1.42    Effective Date

The tenth day after the Confirmation Order becomes final.

1.43    Estate

The estate created in the Case pursuant to Section 541 of the Code.

1.44    Executory Contract

A contract or unexpired lease to which Debtor is a party and that is executory within the meaning of Section 365 of the Code.

1.45    Face Amount

With respect to a particular Claim, (a) if the holder of such Claim has not filed a proof of claim with the Court within the applicable period of limitation fixed by the Court pursuant to Rule 3003(c)(3) of the Rules, the amount of such Claim that was listed in the Schedules (as originally filed in the Case) as not disputed, contingent or unliquidated; or (b) if the holder of such Claim has filed a proof of claim with the Court within the applicable period of limitation fixed by the Court pursuant to Rule 3003(c)(3) of the Rules, the amount stated in such proof of claim, or (c) with respect to a Fee Request, the net amount to which the applicant would be entitled if its application were to be granted in full.

1.46    Fee Request

An application or request for payment by the Estate of fees, compensation for services rendered or reimbursement of expenses, pursuant to Rule 2016 of the Rules or other applicable provision of the Code or the Rules.

4000420-1