1.47  Filing Date

June 28, 2011, the date the Debtor filed its Chapter 11 petition with the Court.

1.48  Final Order

An order or judgment of the Court as entered on the docket that has not been reversed, stayed, modified or amended, and respecting which the time to appeal, petition for certiorari or seek reargument, review or rehearing has expired and as to which no appeal, reargument, petition for certiorari, review or rehearing is pending or as to which any right to appeal, reargue, petition for certiorari or seek review or rehearing has been waived in writing in a manner satisfactory to the Proponent, or, if any appeal, reargument, petition for certiorari, review or rehearing thereof has been denied, the time to take any further appeal or to seek certiorari or further rehearing, review of reargument has expired.

If any provision of the Plan requires the entry of a Final Order as a condition to the occurrence or performance of an act, Proponents may jointly waive such requirement.

1.49  Gardens at the Farm Property

32 Lots in Gardens at the Farm Phase I, Wakulla County, FL; Lots 1 - 26 and 29 - 34.

1.50  Heritage Hills Property

Forty-five (45) lots in the Heritage Hills Subdivision, Jefferson County, Florida; Lots 1, 2, 6, 8, 10, 13 - 15, 17 - 21, 23 - 29, 32 - 33, 35, 36, 40 - 44, 46, 49, 51 - 54, 58 – 64 and 69 - 71.

1.51  Hidden Meadows Property

118 Lots in Hidden Meadows, Wakulla County, FL; Lots 1A - 5A, 1B - 7B, 9B - 22B, 4D - 12D, 1E - 14E, 1F - 13F, 1G - 18G and 1H - 38H.

1.52  Lien

A charge against or interest in any item of Property of the Estate to secure payment of a debt or performance of an obligation.

1.53  Ordinary Course Administrative Claims

Administrative Claims for the provision of goods or services that are incurred by the Debtor in the ordinary course of business.

1.54  Person

Any individual, sole proprietorship, partnership (general or limited), joint venture, trust, unincorporated organization, association, corporation, institution, entity or government (whether

7

4000420-1

federal, state, county, city, municipal or otherwise, including, without limitation, any instrumentality, division, agency, body, political subdivision or department thereof).

1.55   Plan

This Plan of Reorganization in the present form or as it may be modified, amended or supplemented from time to time.

1.56   Plan of Merger

The Plan of Merger of the Debtor and Turner Heritage Homes, LLC..

1.57   Priority Claim

A Claim (other than an Administrative Claim) that is entitled to priority under Section 507 of the Code.

1.58   Priority Tax Claim

A Claim (other than an Administrative Claim) that is entitled to priority under Section 507(a)(8) of the Code.

1.59   Property

The Debtor's business assets.

1.60   Pro Rata

Proportionately, so that the ratio of the amount of consideration distributed on account of a particular Allowed Claim to the Allowed Amount of such Claim is the same as the ratio of the amount of consideration distributed on account of all Allowed Claims of the Class in which the particular Claim is included to the amount of all Allowed Claims of that Class. Whenever a Disputed Claim has not been finally resolved, an appropriate reserve for payment of such Disputed Claim shall be established so that there will be sufficient monies available to make a Pro Rata distribution to the holder of such Disputed Claim upon final resolution of the dispute.

1.61   Property of the Estate

The property defined in Section 541 of the Code and any other property right or interest of the Debtor.

1.62   Proponent

Phoenix Realty Partners, Inc.

1.63    Rejected Contract

An Executory Contract that is rejected at any time during the Case or pursuant to Section 3.03 of the Plan.

1.64    Rejection Claim

A Claim arising under Section 502(g) of the Code in its Allowed Amount.

1.65    Rules

The Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure and/or the Local Rules of the Court.

1.66    Rules of Construction and Interpretation

The following rules of construction shall be applicable for all purposes of the Plan unless the context clearly requires otherwise:

(a)    The terms "include", "including" and similar terms shall be construed as if followed by the phrase "without being limited to".

(b)    Words of masculine, feminine or neuter gender shall mean and include the correlative words of the other genders, and words importing the singular number shall mean and include the plural number, and vice versa.

(c)    All article, section and exhibit or appendix captions are used for convenience and reference only and in no way define, limit or describe the scope or intent of, on in any way affect, any such article, section, exhibit or appendix.

1.67    Schedules

The schedules of assets and liabilities originally filed by the Debtor with the Court and not as the same may be amended from time to time.

1.68    Section

A numbered subsection of any Article of the Plan (for example, this numbered subsection of Article 1 of the Plan would be referred to as Section 1.52).

1.69    Secured Claim

A Claim secured by a lien on property in which the Estate has an interest or that is subject to set-off under Section 553 of the Code to the extent of the value of the interest attributable to such Claim in the Estate's interest in such property or to the extent of the amount subject to set-off.

9

1.70 Secured Creditor

The holder of a Secured Claim.

1.71 Substantial Consummation

Following the occurrence of Confirmation, the date that the first dividend is distributed to creditors.

1.72 Summerchase Lots

Thirty buildable lots located in the Summerchase subdivision on Gearhart Rd., Tallahassee, Leon County, Florida.

1.73 Summerchase Units

Unit 4501, 4502, 4503, 4504, 4601, 4602, 4704, 4802, 4804, 4902, 4903 and 5204, Gearhart Rd., Tallahassee, Leon County, Florida.

1.74 Tuscan Hill Lot 4 Property

Lot 4, Tuscan Hill Subdivision, Tallahassee, Florida.

1.75 Unsecured Claim

A Claim other than a Secured Claim, a Priority Claim or an Administrative Claim.

1.76 Unsecured Creditor

The holder of an Unsecured Claim.

1.77 Waterfall Property

Waterfall Phase I lots 1 through 7, 11 through 14, 46 through 85 and 89 through 101 in Bay County, FL as recorded in Plat Book 22, Page 35 ORB 2768 P 1465.

ARTICLE 2 Classification, Treatment and Impairment of Claims and Interests

2.01 Class 1 – Capital City Bank

(a) Description. Class 1 consists of the Secured Claim of Capital City Bank related to the Capital Circle Commerce Center Property in the amount of $2,300,000 secured by a first lien on the Capital Circle Commerce Center Property.

(b)     Treatment. The holder of the Allowed Class 1 Claim is a Non-Participating Secured Creditor and shall retain its Lien in the Capital Circle Commerce Center Property in the amount of $2,300,000.00 and receive payment in full of the value of its secured interest over a 5-year term, payments commencing thirty (30) days following the Effective Date based on at an adjustable interest rate equal to the one year treasury index, plus 3.75%, subject to a minimum interest rate of 5.75%, such interest rate to be at a fixed rate of interest of 5.75% for the first three (3) years following the Effective Date with interest and principal payable based on a 20-year amortization. Monthly payments to include an escrow for property taxes and insurance. The amount of the Capital City Bank Allowed Class 1 Secured Claim is $2,300,000. The Capital City Bank Allowed Class 1 Secured Claim amount shall be reduced with a closing, if any, of each of the condominium units at the Capital Circle Commerce Center Property and the payment of $63.86 per sq. ft. of space sold, until the Capital City Bank Allowed Class 1 Secured Claim is paid, plus an additional payment equal to fifty (50%) percent of net proceeds from the sale of any or all of the Capital Circle Commerce Center Property in excess of $63.86 per sq. ft. of space sold or refinanced. Capital City Bank shall have the right at its own expense to have an appraisal of any property sold or refinanced and obtain fifty (50%) percent of net proceeds from the sale of any or all of the Capital Circle Commerce Center Property in excess of the loan balance at the time of sale or refinancing of any Capital Circle Commerce Center Property.. The amount of this claim is undisputed, liquidated and non-contingent.

(c)     Impairment. Class 1 is impaired.

2.02    Class 2 – Capital City Bank

(a)     Description. Class 2 consists of the Secured Claim of Capital City Bank related to the Summerchase Leased Units in the approximate amount of $750,000.00 secured by a first lien on the Summerchase Leased Units.

(b)     Treatment. The holder of the Allowed Class 2 Claim is a Non-Participating Secured Creditor and shall have its collateral conveyed to it upon confirmation of the Plan. This transfer shall be accomplished under the Plan and shall be exempt from the payment of documents pursuant to 11 U.S.C. Section 1146(a). The transfer shall also, include the security deposits and copies of all leases associated with the leased units.

(c)     Impairment. Class 2 is impaired.

2.03    Class 3 – Capital City Bank

(a)     Description. Class 3 consists of the Secured Claim of Capital City Bank related to the Summerchase Lots in the approximate amount of $168,000.00 secured by a first lien on the Summerchase Lots.

(b)     Treatment. The holder of the Allowed Class 3 Claim is a Non-Participating Secured Creditor and shall have its collateral returned to it the earlier of (x) Order of the Court upon Motion by the holder of the Allowed Class 3 Secured Claim, or (y) upon confirmation of the Plan.

11

   (c) <u>Impairment</u>. Class 3 is impaired.

2.04 <u>Class 4 – Farmers & Merchants Bank</u>

   (a) <u>Description</u>. Class 4 consists of the Secured Claim of Farmers & Merchant Bank in the approximate amount of $1,100,000.00 secured by a first lien on the Heritage Hills Property.

   (b) <u>Treatment</u>. The holder of the Allowed Class 4 Secured Claim at its election (x) be a Non-participating Secured Creditor and have its collateral returned to it upon order of the Court upon Motion by the holder of the Allowed Class 4 Secured Claim or upon confirmation of the Plan, or (y) be a Participating Secured Creditor and retain its Lien in the Heritage Hills Property to the extent of and limited to the value of its secured interest in the Heritage Hills Property, based on the $1,100,000.00 agreed upon value of the Heritage Hills Property as provided by the holder of the Allowed Class 4 Secured Claim. The Heritage Hills Property *shall* include the common elements of the Heritage Hills Property, which *shall not* be deeded to the Heritage Hills Subdivision Home Owner's Association, Inc. at the time of final confirmation of the Plan, such conveyance to be pursuant to the recorded Declaration of Covenants and Restrictions of the Heritage Hills Subdivision Homeowner's Association, Inc. The agreed amount of the FMB Allowed Class 4 Secured Claim is estimated to be approximately $1,100,000.00, which amount shall be reduced with a closing of each of the forty-five (45) remaining lots at the Heritage Hills Property and the payment of $25,000, plus, in lieu of interest on the value of the secured interest, a payment equal to eleven (11%) percent of the sales price over $220,000.00 of each home constructed on one of the lots at the Heritage Hills Property, excluding options. The Original Turner Shareholders shall continue to personally guarantee, on a limited basis, the performance by the Debtor.

   (c) <u>Impairment</u>. Class 4 is impaired.

2.05 <u>Class 5 – Ameris Bank</u>

   (a) <u>Description</u>. Class 5 consists of the Secured Claim of Ameris Bank in the approximate amount of $205,000 secured by a first lien on the Waterfall Property.

   (b) <u>Treatment</u>. The holder of the Allowed Class 5 Claim is a Participating Secured Creditor and shall retain its Lien on the Waterfall Property to the extent of and limited to $205,000.00, which is the value of the collateral after deducting the amount of past due property taxes related to the Waterfall property. The Allowed Class 5 Secured Claim shall be either (i) paid cash at confirmation in the amount of the Allowed Class 5 Secured Claim; or (ii) paid interest in respect to such Allowed Class 5 Secured Claim at an interest rate of 5.00% per annum and release payments in the amount of $2,300.00 at each closing of a sale of a lot at the Waterfall Property.

   (c) <u>Impairment</u>. Class 5 is impaired.

4000420-1

2.06    Class 6 – BB&T

(a)    Description. Class 6 consists of the Secured Claim of BB&T in the approximate amount of $142,500.00 secured by a first lien on the Gardens at the Farm Property.

(b)    Treatment. The holder of the Allowed Class 6 Claim is a Non-Participating Secured Creditor and shall have its collateral returned to it upon confirmation of the Plan.

(c)    Impairment. Class 6 is impaired.

2.07    Class 7 – BB&T

(a)    Description. Class 7 consists of the Secured Claim of BB&T in the approximate amount of $118,800 secured by a first lien on the Blackberry Ridge Property.

(b)    Treatment. The Debtor shall return the Blackberry Ridge collateral to the holder of the Allowed Class 7 Secured Claim.

(c)    Impairment. Class 7 is impaired.

2.08    Class 8 – BB&T

(a)    Description. Class 8 consists of the Secured Claim of BB&T in the approximate amount of $525,000.00 secured by a first lien on the Hidden Meadows Property.

(b)    Treatment. The holder of the Allowed Class 8 Claim is a Non-Participating Secured Creditor and shall receive $524,000.00 at confirmation in consideration of the Hidden Meadows Property, which is an amount equal to the value of the Hidden Meadows Property based on the appraisal submitted by Debtor. The $524,000.00 Payment is subject to the closing of the Shaw Purchase Contract. At the time of confirmation of the Plan, the BB & T Cash Collateral shall be released to the Debtor, such BB & T Cash Collateral funds to be used for working capital for the Debtor's operations and to fund payments due upon confirmation as proposed under the Plan.

(c)    Impairment. Class 8 is impaired.

2.09    Class 9 – Capital City Bank

(a)    Description. Class 9 consists of the Secured Claim of Capital City Bank in the amount of $200,000 secured by a first lien on the Tuscan Hill Lot 4 Property.

13

4000420-1

(b)    Treatment. The holder of the Allowed Class 9 Claim is a Non-Participating Secured Creditor and shall have its collateral returned to it upon confirmation of the Plan. The agreed value of the Allowed Class 9 Secured Claim collateral is $250,000.00.

(c)    Impairment. Class 9 is impaired.

2.10    Class 10 – Deficiency Claims of Non-participating Secured Creditors and Judgment and Non-scheduled Claims

(a)    Description. Class 10 consists of the Deficiency Claims of Non-participating Secured Creditors, Judgment Claims of previously secured creditors and Non-scheduled Creditors.

(b)    Treatment. Holders of Allowed Class 10 Unsecured Deficiency, Judgment and Non-Scheduled Claims shall have such claims paid to the Allowed Class 10 Unsecured Deficiency, Judgment and Non-Scheduled Claims in common stock of the Phoenix (the "Phoenix Shares") aggregating a five (5%) percent equity stake in Phoenix to be shared proportionately by the holders of the Allowed Class 10 Unsecured Deficiency, Judgment and Non-Scheduled Claims. The Debtor estimates that these Allowed Class 10 Unsecured Deficiency, Judgment and Non-Scheduled Claims will total approximately $8,973,000.00, excluding the value of the disputed, contingent and unliquidated claim of Commercial.

(c)    Impairment. Class 10 claims are impaired.

2.11    Class 11 – Deficiency Claims of Participating Secured Creditors

(a)    Description. Class 11 consists of Participating Secured Creditors.

(b)    Treatment. Commencing upon the Effective Date and for a period of seven (7) years thereafter, the Holders of Allowed Class 11 Participating Unsecured Deficiency Claims shall have such claims paid in an amount to be shared proportionately equal to Two Hundred and Fifty Dollars ($250.00) for each unimproved lot sold by the Debtor at the time of such closing and Seven Hundred and Fifty Dollars ($750.00) for each home sold by the Debtor. Such payments shall be an unsecured obligation of the Reorganized Debtor and shall be contingent on the frequency, number and timing of future closings of the Reorganized Debtor, but shall not be limited to the lots or houses owned by the Reorganized Debtor upon the Effective Date. The holders of Allowed Class 11 Participating Unsecured Deficiency Claims shall not participate in the recurring cash flow or sale of any part or all of Capital Circle Commerce Center. The Debtor estimates that these Allowed Class 11 Participating Unsecured Deficiency Claims will total approximately $6,195,000.00, excluding the (x) the deficiency claims of any Secured Creditor whose collateral was returned by the Debtor, and (y) the value of the disputed, contingent and unliquidated claim of Commercial.

(c)    Impairment. Class 11 claims are impaired.

14